# MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

May 24 2018, 6:05 am

**CLERK**
Indiana Supreme Court
Court of Appeals
and Tax Court

| ATTORNEY FOR APPELLANT | ATTORNEYS FOR APPELLEE |
|---|---|
| Steven Knecht | Curtis T. Hill, Jr. |
| Vonderheide & Knecht, P.C. | Attorney General of Indiana |
| Lafayette, Indiana | |
| | Matthew B. Mackenzie |
| | Deputy Attorney General |
| | Indianapolis, Indiana |

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Jared Wayne Jessie, | May 24, 2018 |
| *Appellant-Defendant,* | Court of Appeals Case No. 04A03-1708-CR-1891 |
| v. | Appeal from the Benton Circuit Court |
| State of Indiana, | The Honorable Rex W. Kepner, Judge |
| *Appellee-Plaintiff.* | Trial Court Cause No. 04C01-1207-FD-205 |

**Pyle, Judge.**

# Statement of the Case

While on probation for possession of synthetic marijuana as a Class D felony, Jared Jessie ("Jessie") violated the terms of his probation by using synthetic marijuana. As a result of this violation, which Jessie admitted, the trial court ordered him to serve the balance of his sentence in the county jail. Jessie argues that the trial court abused its discretion in ordering him to serve the balance of his sentence because he has four children and mental health issues. Finding no abuse of the trial court's discretion, we affirm.

We affirm.

# Issue

Whether the trial court abused its discretion when it ordered Jessie to serve the balance of his sentence in jail.

# Facts

In February 2013, Jessie pled guilty to Class D felony possession of synthetic marijuana, and the State dismissed five additional charges. The trial court sentenced him to three years, with one year executed on work release and two years on supervised probation.[1] One of his probation terms was not to use or possess any alcohol or illegal drugs.

---

[1] Jessie's three-year sentence was to run consecutively to a sentence imposed for a probation violation in another cause.

[4]     In March 2016, the State filed a petition to revoke Jessie's probation. The petition alleged that Jessie had violated probation by possessing alcohol, deadly weapons, and marijuana. The petition was subsequently amended to allege that Jessie had tested positive for marijuana and that he had failed to pay child support. Jessie admitted the violations contained in the petition, and the trial court ordered him to serve two years in a community corrections program.

[5]     In March 2017, the State filed another petition to revoke Jessie's probation. This petition alleged that Jessie had possessed synthetic marijuana and that his drug screen had tested positive for synthetic marijuana. The petition was amended in April 2017 to include an allegation that Jessie had committed Class A misdemeanor resisting law enforcement.

[6]     At a hearing on the March 2017 petition to revoke, Jessie admitted that he had possessed synthetic marijuana and had failed a drug test. He also admitted that he had had several probation violations for drug use since 2004 and that the State had given him "good deals" in the past such as supervised probation, house arrest, and work release. (Tr. 24). He also testified that he had four children, and his mother testified that Jessie suffered from mental health issues. The evidence at the hearing further revealed that Jessie's children do not live with him and that he was in arrears on his child support obligation. In addition, Jessie testified that he had used synthetic marijuana because he had not thought that it would be detected on a drug screen.

[7]     At the conclusion of the hearing, the trial court observed that Jessie had not successfully completed any programs since 2004. Thereafter, the trial court revoked Jessie's probation and ordered him to serve the remaining 540 days of his sentence in the county jail. Jessie now appeals.

# Decision

[8]     Jessie argues that the trial court abused its discretion when it ordered him to serve the balance of his sentence in the county jail after he violated his probation. However, probation is a matter of grace and a conditional liberty that is a favor, not a right. *State v. Vanderkolk*, 32 N.E.3d 775, 777 (Ind. 2015). Once a trial court has exercised its grace in this regard, it has considerable leeway in deciding how to proceed when the conditions of placement are violated. *Prewitt v. State*, 878 N.E.2d 184, 188 (Ind. 2007). If this discretion were not given to trial courts and sentences were scrutinized too severely on appeal, trial courts might be less inclined to order probation. *Id.* Accordingly, a trial court's sentencing decision for a probation violation is reviewable for an abuse of discretion. *Id.* An abuse of discretion occurs when the trial court's decision is clearly against the logic and effect of the facts and circumstances. *Id.* If a trial court finds that a person has violated his probation before termination of the probationary period, the court may order execution of all or part of the sentence that was suspended at the time of the initial sentencing. IND. CODE § 35-38-2-3.

[9] Here, Jessie does not dispute that he violated the terms of his probation. Rather, he argues that the trial court abused its discretion by ordering him to serve his entire sentence because he has four children to support and will not be able to get help for his mental illness in the county jail. However, as the State points out, the "record in this case very clearly shows that [Jessie] had previously been offered chance after chance over the course of his adult life and the progression of the instant case." (State's Br. 11). The trial court's decision to deny Jessie yet another chance is amply supported by the record and not clearly against the logic and effect of the facts and circumstances before the court. The trial court was well within its discretion when it ordered Jessie to serve his entire previously suspended sentence.

[10] Affirmed.

Vaidik, C.J., and Barnes, J., concur.